IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| G. STANLEY MCGHEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:09cv92-MEF |
| | )                 (WO) |
| ALABAMA STATE UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The *pro se* plaintiff, G. Stanley McGhee ("McGhee"), brings this action against Alabama State University complaining that he was removed from campus housing without just cause and in violation of the Age Discrimination Act, 42 U.S.C. § 6102. On March 16, 2009, the defendant filed a motion to dismiss asserting that McGhee's claims are barred because he failed to timely exhaust his administrative remedies or comply with the Act's notice prerequisites. (Doc. # 9). The court heard oral argument on the motion to dismiss on May 19, 2009. After careful review of the motion to dismiss, the parties' arguments and the pleadings filed in this case, the court concludes that the defendant's motion to dismiss is due to be granted.

**STANDARD OF REVIEW**

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one." *Scheuer v. Rhodes,* 416 U.S. 232 (1974). In considering a defendant's motion to dismiss, the court

accepts the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor. *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer*, 416 U.S. at 236. To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 (2007), "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

## DISCUSSION[1]

McGhee alleges that he was removed from campus housing by the defendant without just cause and because of his age, 41. The defendant argues that this court lacks subject matter jurisdiction over the plaintiff's claim because McGhee failed to exhaust his administrative remedies and he failed to properly notify the Secretary of Health and Human Services, the Attorney General of the United States and the defendant thirty days prior to filing this action. *See* 42 U.S.C. § 6104(f)[2] and (e)(1).[3]

---

[1] On a motion to dismiss, the court must take the facts as stated in the complaint as true.

[2] 42 U.S.C. § 6104(f) provides that

"[w]ith respect to actions brought for relief based on an alleged violation of the provisions of this chapter, administrative remedies shall be deemed exhausted upon the expiration of 180 days from the filing of an administrative complaint during which time the Federal department or agency makes no finding with regard to the complaint, or upon the day that the Federal department or agency issues a finding in favor of the recipient of financial assistance, whichever occurs first.

[3] 42 U.S.C. § 6104(f) provides that

[w]hen any interested person brings an action in any United States district court for the district in which the defendant is found or transacts business to enjoin a violation of this Act

In order to maintain his age discrimination claims against Alabama State University, McGhee must comply with both 42 U.S.C. § 6104(f) and 6104(e)(1). To demonstrate that he exhausted his administrative remedies, McGhee must show that he filed a complaint with the United States Department of Education, Office for Civil Rights ("OCR"), and either one hundred eighty days have passed without a finding from OCR or OCR found in favor of Alabama State University. *See* 42 U.S.C. § 6104(f); *see also* 34 C.F.R. § 110.39(a)(1)-(2). At oral argument, McGhee conceded that he did not file a complaint with the OCR as required by 42 U.S.C. § 6104(f) and 34 C.F.R. 110.39(a).

Moreover, before filing this lawsuit, McGhee was required to "give notice by registered mail not less than 30 days prior to the commencement of [the] action to the Secretary of Health and Human Services, the Attorney General of the United States, and the person against whom the action is directed." 42 U.S.C. § 6104(e)(1); *see also* 34 C.F.R. § 110.39(b)(3)(iii). At oral argument, McGhee again conceded that he did not give notice by registered mail to the appropriate entities as required by law.

> In order to bring an age discrimination claim against a recipient of federal financial assistance, such as the University, a plaintiff must satisfy two requirements. First, the plaintiff must exhaust administrative remedies. 42 U.S.C. § 6104(f); 34 C.F.R. § 110.39(a). Second, the plaintiff "shall give notice by registered mail not less than 30 days prior to the commencement of

---

by any program or activity receiving Federal financial assistance, such interested person shall give notice by registered mail not less than 30 days prior to the commencement of that action to the Secretary of Health and Human Services, the Attorney General of the United States, and the person against whom the action is directed. Such interested person may elect, by a demand for such relief in his complaint, to recover reasonable attorney's fees, in which case the court shall award the costs of suit, including a reasonable attorney's fee, to the prevailing plaintiff.

3

>that action to the Secretary of Health and Human Services, the Attorney General of the United States, and the person against whom the action is directed." 42 U.S.C. § 6104(e)(1); *see also* 34 C.F.R. § 110.39(b)(3)(iii) ("[T]he complainant shall give 30 days notice by registered mail to the Secretary [of the Department of Education], the Secretary of Health and Human Services, the Attorney General of the United States, and the recipient [of federal financial assistance]....").

*Parker v. Bd of Sup'rs Univ. of LA-Lafayette*, 296 Fed. Appx. 414, *2 (5th Cir. 2008).

By his own admission, McGhee has failed to meet the prerequisites for bringing this action. Consequently, the plaintiff cannot avoid the statutory requirements that now bar his claims. *See Parker*, *supra*. *See also Williams v. Trevecca Nazarene College*, 162 F.3d 1162 (6th Cir. 1998) (unpublished); *Simmons v. Middle Tenn. State Univ.*, 117 F.3d 1421 (6th Cir. 1997) (unpublished).[4] Thus, the court concludes that the plaintiff has, as a matter of law, failed to state a claim upon which relief can be granted, and the defendant's motion to dismiss is due to be granted. *See Bell Atl. Corp. v. Twombly*, 550 U.S. at 570.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the defendant's motion to DISMISS be granted and the plaintiff's claims be DISMISSED. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **June 4, 2009.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or

---

[4] In the two unpublished opinions cited in the body, the Sixth Circuit concluded that exhaustion is a jurisdictional requirement under the Age Discrimination Act. The Fifth Circuit did not reach the issue. The Eleventh Circuit has not addressed the question.

general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 21st day of May 2009.

    /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE